NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0590-20

TALMADGE VILLAGE LLC,

      Plaintiff-Appellant,

v.

KEITH WILSON,

      Defendant-Respondent.

_____

APPROVED FOR PUBLICATION

July 1, 2021

APPELLATE DIVISION

Argued June 9, 2021 – Decided July 1, 2021

Before Judges Ostrer, Accurso and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. DC-008290-20.

Kevin G. Desai argued the cause for appellant (Ehrlich, Petriello, Gudin, Plaza & Reed, attorneys; Derek D. Reed and Kevin G. Desai, on the brief).

Keith Wilson, respondent, argued the cause pro se.

The opinion of the court was delivered by

ENRIGHT, J.A.D.

     In this one-sided appeal, plaintiff Talmadge Village LLC challenges

only the trial court's stay of the October 8, 2020 order ejecting defendant Keith

Wilson from the apartment he shared with Talmadge's former tenant and restoring possession to the landlord. Because we do not believe the governor's moratorium on evictions extends to persons having the legal status of squatters, we vacate the stay.

The facts are straightforward. Plaintiff owns and operates a residential property in Edison, which consists of over 300 apartment units. The apartment at issue was previously leased to defendant's former girlfriend. She did not renew her lease when it expired on July 31, 2020. Instead, she left the apartment and terminated her relationship with defendant. Defendant did not leave the apartment when the lease expired, even though his former girlfriend was the only individual named on the lease agreement with plaintiff.

Following a routine inspection of the apartment building, plaintiff learned defendant was living in his former girlfriend's apartment after her lease expired. It issued a "Notice to Quit and Demand for Possession," terminating his occupancy as of September 11, 2020. Defendant remained on the premises past that deadline, so plaintiff initiated an ejectment action in the Special Civil Part of the Law Division.

During a plenary hearing on October 8, 2020, defendant admitted before the trial court he was not on the lease and had never notified plaintiff he was

A-0590-20

residing in the apartment. Additionally, he admitted to the trial court he had not contributed to the monthly rental on the unit since June or July 2020.

When the hearing concluded, the trial court found defendant did not have a lease with plaintiff, and his girlfriend's lease had expired. Accordingly, the court issued an order for possession in plaintiff's favor and directed defendant to vacate the premises. The judge then stayed enforcement of his order "pursuant to Executive Order 106 and P.L. 2020, c. 1 for the duration of the moratorium imposed thereby." On appeal, plaintiff argues only that the judge erred by staying his order for possession.[1] We agree.

"A valid gubernatorial executive order is the equivalent of a statute enacted by the Legislature." 37 N.J. Practice, Administrative Law and Practice § 3.22 (Steven L. Lefelt, Anthony Miragliotta, and Patricia Prunty) (2d ed. 2000). As we review a statute de novo, owing no deference to the trial court's interpretation, State v. Pinkston, 233 N.J. 495, 507 (2018), it follows that we will interpret the meaning of a valid executive order de novo. We will also

---

[1] Defendant does not cross-appeal from the court's determination that he lacked the rights of a tenant. Cf. Maglies v. Estate of Guy, 193 N.J. 108, 126 (2007) (stating that a person may "invoke the protections of the Anti-Eviction Act" as a "functional co-tenant" if the person "can show that she [or he] has been continuously in residence; that she [or he] has been a substantial contributor towards satisfaction of the tenancy's financial obligations; and that her [or his] contribution has been acknowledged and acquiesced to by her [or his] landlord").

construe an executive order "to conform with applicable statutory enactments if it is reasonably susceptible to such a construction."  In re Highlands Master Plan, 421 N.J. Super. 614, 625 (App. Div. 2011).

On March 19, 2020, Governor Philip D. Murphy signed Executive Order 106, which prevents property owners from evicting tenants during the public health emergency of COVID-19.  More specifically, the order states, "[a]ny lessee, tenant, homeowner or any other person shall not be removed from a residential property as the result of an eviction or foreclosure proceeding." See Exec. Order No. 106 (Mar. 19, 2020).[2]  Pursuant to Executive Order 106, "residential property" is defined as

---

[2]  Executive Order 106 also states the eviction moratorium will remain in effect "for no more than two months following the end of the Public Health Emergency or State of Emergency established by Executive Order 103 (2020), whichever ends later, unless this Order is first revoked or modified by the Governor in a subsequent executive order."  Executive Order 103 was renewed multiple times, but on June 4, 2021, the Governor signed legislation (A5820/S3866) enabling the end of the COVID-19 Public Health Emergency. L. 2021, c. 103.  The new statute expressly continues Executive Order 106 in effect until January 1, 2022, unless the Governor revokes or modifies it before then.  L. 2021, c. 103 § 1.  Immediately following the signing of the legislation, Governor Murphy signed Executive Order No. 244, ending the COVID-19 Public Health Emergency, and continuing the State of Emergency declared in Executive Order 103.  Thus, although many public health restrictions have been lifted recently, the eviction moratorium is slated to remain in effect through the end of the year, barring additional action by the Governor or Legislature.

any property rented or owned for residential purposes, including, but not limited to, any house, building, mobile home or land in a mobile home park, or tenement leased for residential purposes, but shall not include any hotel, motel, or other guest house, or part thereof, rented to a transient guest or seasonal tenant, or a residential health care facility.

Governor Murphy signed the Executive Order shortly after approving legislation explicitly authorizing him to declare the eviction moratorium. L. 2020, c. 1, codified at N.J.S.A. 2A:18-59.3. The statute included language identical to that in Executive Order 106, defining who is protected under the moratorium. Ibid. The bill statement provides that the statute's purpose is to establish that "whenever a public health emergency or a state of emergency is declared by the Governor and is in effect, the Governor may issue an executive order to declare that a lessee, tenant, homeowner or any other person would not be removed from a residential property as the result of an eviction or foreclosure proceeding." Bill Statement to A. 3859 (Mar. 16, 2020).

There is no dispute that as of July 31, 2020, the lease for the apartment where defendant was staying expired. Further, it is uncontroverted defendant's name was not on the lease when his former girlfriend rented the apartment, and he never notified plaintiff he lived there. Moreover, he did not pay any monies to his former girlfriend or to plaintiff toward the cost of the rental after June or

July 2020. Therefore, when the trial court issued its stay order, no one was renting the apartment, and defendant had no right, title or interest therein.

We also note that Executive Order 106 bars removal of an individual from a residential property "as the result of an eviction or foreclosure." Here, plaintiff initiated neither an eviction nor foreclosure action, but instead pursued defendant's ejectment, given that defendant had no agreement with plaintiff to allow him to occupy the apartment.

Since defendant neither rented nor owned the subject premises when the trial court issued its October 8, 2020 order, and plaintiff sought defendant's removal from the residential property by way of an ejectment, rather than an eviction or foreclosure proceeding, we are convinced defendant's removal from the apartment was not barred under Executive Order 106. Accordingly, we vacate the stay of the October 8 order. All other provisions of that order remain in effect. Plaintiff is entitled to immediately recover possession of the apartment as described in the order, and pursue defendant's removal from same. We remand the matter to the trial court to amend the October 8, 2020 order to effect defendant's orderly removal from the subject premises.

Vacated and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0590-20